**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Patricia Berg,**

**Plaintiff,**

**v.**

**Seth Tribon, Franklin D. Tribon, and American National Property and Casualty Company,**

**Defendants.**

**Civil No. 00-1496 (DWF/SRN)**

**REPORT AND RECOMMENDATION**

---

Gary L. Manka, Esq., on behalf of Plaintiff.

Julian C. Janes, Esq., on behalf of Defendant American National Property and Casualty Company.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on Plaintiff's Motion to Compel Arbitration (Doc. No. 11). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons set forth below, this Court recommends that Plaintiff's Motion to Compel Arbitration be granted in part and denied in part.

## I. PLAINTIFF'S MOTION TO COMPEL ARBITRATION.

### A. Background.

On June 26, 1998, Plaintiff was injured in an accident in rural Minnesota involving a motor vehicle. Plaintiff was at that time and continues to be a resident of Iowa. Prior to the

MAR 14 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

accident, Plaintiff purchased an insurance policy from Defendant American National Property and Casualty Companies (ANPAC). (Affidavit of Gary L. Manka (Manka Aff.); Exh. 1: ANPAC insurance policy.) The policy contained a separate endorsement for underinsured motorist coverage (UIM). Id. A provision in the endorsement mandates arbitration for claims that can not be resolved by agreement of the parties. Id. Under this provision, "each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction."

The October 20, 2000 Pretrial Scheduling Order in this case provides that discovery be completed by August 1, 2001, and that all dispositive motions be served, filed, and heard by September 1, 2001.

Prior to the instant motion, Plaintiff twice demanded arbitration of the UIM claim. On June 19, 2000, Plaintiff sent a letter to ANPAC identifying Fred Soucie as her selection for arbitrator. At the same time, Plaintiff served ANPAC with a Summons and Complaint, asserting entitlement to UIM benefits. (Affidavit of Julian C. Janes (Janes Aff.); Exhs. A&B: June 19, 2000 letters.) On July 16, 2001, Plaintiff again sent ANPAC a letter demanding arbitration, and identifying William Harper as her selection for arbitrator. (Manka Aff.; Exh. 3: July 16, 2001 letter.)

On November 29, 2001, Plaintiff filed a motion to compel arbitration. On December 7, 2001, ANPAC sent a letter to the Court noting that the deadlines for dispositive and non-dispositive motions had passed prior to Plaintiff bringing her motion. (Janes Aff.; Exh. C: December 7, 2001 letter.) On December 10, 2001, the Court informed Plaintiff by letter that it had stricken the motion. (Janes Aff.; Exh. D: December 10, 2001 letter.) The Court directed

both parties to discuss the matter with the Court during the January 23, 2002 settlement conference. Id. On January 23, 2002, Plaintiff resolved her claims against Defendants Seth Tribon and Franklin D. Tribon through settlement. Plaintiff and ANPAC, however, were unable to reach a settlement. Consequently, Plaintiff renewed her motion to compel arbitration.

**B. Discussion.**

Rule 16(b) of the Federal Rules of Civil Procedure provides that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." The Local Rules specify that "[o]nce the pretrial discovery schedule is adopted, it shall not be extended or modified except upon written motion and for good cause shown." LR 16.3(a). Further, "[e]xcept in extraordinary circumstances, the motion for extension shall be served and the hearing, if any, shall be scheduled prior to the expiration of the original pre-trial schedule deadlines." LR 16.3(c).

Plaintiff concedes that the deadline for dispositive motions has passed. She argues, however, that the issue of the UIM claim was not ripe until the primary claim against Defendants Seth Tribon and Franklin D. Tribon was resolved. Plaintiff explains that the short statute of limitations governing tort actions in the state of Iowa forced her to put the matter into suit in June of 2000. Therefore, she has not unduly delayed in bringing her motion to compel arbitration. She has, instead, pursued this motion at the earliest time it could reasonably be heard.

In addition, Plaintiff argues that Defendant's failure to respond to her previous demands for arbitration and to select its own arbitrator should be deemed a waiver of its right to select an arbitrator of its choosing. Accordingly, Plaintiff requests that the Court appoint an arbitrator. Plaintiff also requests an award of attorneys' fees incurred in bringing this motion.

Defendant responds that Plaintiff's motion is untimely, and should be denied. Defendant asserts that Plaintiff has offered no explanation for failing to bring her motion in a timely fashion. Therefore, under Rule 16, she can not justify modifying the Pretrial Scheduling Order.

In addition, Defendant contends that Plaintiff waived her right to arbitrate the UIM claim. Defendant acknowledges that "Minnesota favors arbitration as a means of conflict resolution." Defendant states, however, that in the time between Plaintiff's June 19, 2000 and July 16, 2001 demands for arbitration, substantial discovery has taken place, and Defendant has been forced to spend significant money preparing for trial. Further, Defendant explains that during the time this lawsuit was pending, Plaintiff "did not in any way follow up with the arbitration demand." Defendant notes that in Brothers Jurewicz, Inc. v. Atari, Inc., 296 N.W.2d 422 (Minn. 1980), the Minnesota Supreme Court found that a defendant had waived rights to arbitration by participating in litigation for almost a year without moving the court to stay the proceedings and compel arbitration. Defendant concludes that similar behavior took place in the present case, and Plaintiff should, therefore, be deemed to have waived her right to arbitration. In addition, Defendant argues that if Iowa law controls this decision, Wesley Retirement Services, Inc. v. Hansen Lind Myer, Inc., 594 N.W.2d 22 (Iowa 1999) "substantially mirrors Minnesota law on the issue of waiver." Hence, the Court should still conclude that Plaintiff waived her right to arbitration.

The Court recommends granting Plaintiff's motion to compel arbitration. The Court recommends denying Plaintiff's motion with respect to finding that Defendant has waived its right to choose its own arbitrator. The Court also recommends denying Plaintiff's request for an award of attorneys' fees.

The insurance policy in question calls for arbitration of the claim in question. Neither the delay in pursing arbitration, nor the pending lawsuit against Defendant justify finding Plaintiff waived her arbitration claim. Plaintiff initially made a timely demand for arbitration in June of 2000. In addition, Plaintiff felt compelled to name Defendant as a party because of the short statute of limitations under Iowa law. The Court acknowledges that Defendant was forced to incur certain costs as a result of being named in the suit. On balance, however, the strong presumption in favor of arbitration and the clear language of the policy at issue outweigh any prejudice to the Defendant.

Furthermore, the reasoning in the Brothers Jurewicz and Wesley does not suggest that Plaintiff waived its arbitration claim in the present case. Wesley involved a breach of contract claim brought by a retirement care facility against an architectural services company. 594 N.W.2d at 24. The court explained that "[t]he essential test for waiver of arbitration requires conduct or activity inconsistent with the right to arbitration and prejudice to the party claiming waiver. Id. at 30 (citations omitted). The trial court found that "very little discovery had taken place and that the major efforts of the parties from Wesley's filing of the petition in June 1996 through HLM's motion to arbitrate filed on April 8, 1987 had been directed toward settlement." Id. The Court acknowledged that participation in a scheduling order could be considered trial-oriented activity. Id. But when concluding no waiver had taken place, it explained:

> HLM, the moving party, initiated no discovery, and consequently did not obtain the benefit of discovery methods unavailable in arbitration. In addition, Wesley has not pointed to any evidence that was lost during the pendency of the lawsuit, nor has it argued that the parties engaged in activities that would be duplicated in the arbitration proceedings. As we made clear in *Modern Piping*, a mere delay in seeking arbitration will not support a finding of waiver in the absence of some resultant prejudice. 581 N.W.2d at

620.

Id.

In Brothers Jurewicz, the court applied similar reasoning to quite different facts and accordingly arrived at the opposite conclusion. In that case, the plaintiffs sued their former employer for unpaid sales commissions. 296 N.W.2d at 424. Although the sales agreement contained an arbitration clause, litigation had proceeded for nearly one year before the defendant sought arbitration. Id. The court explained:

> We note with approval, however, that some recent decisions in other jurisdictions require a finding of waiver to be based not only upon a finding of intentional relinquishment of a known right but also upon a finding of prejudice to the opposing party. Thus, under this modern view, action by the party seeking arbitration which is inconsistent with the right to arbitration is not enough to support a finding of waiver unless such action is accompanied by prejudice to the objecting party. E. g., Weight Watchers of Quebec, Ltd. v. Weight Watchers International, Inc., 398 F.Supp. 1057 (E.D.N.Y.1975). In this case, granting Atari's request for arbitration would clearly be prejudicial to The Brothers Jurewicz, since it would have undergone the expense and delay of 18 months of litigation only to have the additional burden of having to resolve the dispute in California.

296 N.W.2d at 429 n.8. The court also explained, "Atari allowed this dispute to proceed through the judicial system to the point at which the issues raised were ripe for decision in that forum. To grant Atari's request for arbitration at this stage would give unfair opportunity to select a different forum and could further prolong these proceedings." Id.

The reasoning of these cases suggests that Plaintiff did not waive her right to arbitration. Plaintiff did not attempt to obtain the benefits of discovery methods unavailable in arbitration. In addition, no evidence has been lost during the pendency of the litigation. Further, there is no

indication that Plaintiff named Defendant in the lawsuit in order to provide herself with a choice of forums in which to pursue the UIM claim. In the June 19, 2000 letter to Defendant's counsel, Plaintiff's counsel explained why she had named Defendant in the lawsuit. She stated, "[a]s I indicated, the purpose of doing that at this time, was to protect any statute of limitations. If your reading of the policy is as mine, that arbitration is compulsory, please confirm same and I will file an amended complaint in the suit dismissing your company."

While Defendant notes that it has taken Plaintiff's deposition, it presents no evidence of Plaintiff pursuing discovery from it. Nor does Defendant present any other facts to indicate that Plaintiff was ever seriously pursuing its UIM claim in this Court. Hence, Plaintiff was not engaged in behavior sufficiently inconsistent with the right to arbitration to have waived that right. The Court acknowledges that Defendant was forced to incur certain expenses conducting discovery, and some its efforts may be duplicated in the arbitration process. Nevertheless, as stated earlier, such prejudice was made necessary by the short statute of limitations in question rather than by any scheming on Plaintiff's part.

The Court finds that Defendant should not be deemed to have waived its right to select an arbitrator. Defendant was justifiably concerned with defending itself in the present suit from the time it was made a party. Moreover, the status of Plaintiffs' arbitration claim was not entirely clear throughout that time. Defendant's failure to respond to Plaintiff's demand for arbitration and to select its own arbitrator during the period that the UIM claim was pending in this Court should not constitute a waiver of its right to select an arbitrator. In addition, Defendant has demonstrated no behavior that would entitle Plaintiff to attorneys' fees in connection with bringing this motion.

As a final matter, the Court does not find that any failures to comply with Local Rules 7.1(b)(2) or 7.1(b)(2)(E) merit denying Plaintiff's motion. Defendant itself states in its memo that no oral argument is necessary on this motion. In addition, Defendant's Memorandum in Opposition to Plaintiff's Motion to Compel Arbitration was the final filing made regarding this motion. Defendant, thus, had the opportunity to respond to every argument advanced. Therefore, any procedural deficiencies did not deny Defendant the opportunity to make its case.

Based upon the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED that:**

(1) Plaintiff's Motion to Compel Arbitration (Doc. No. 11) be **GRANTED IN PART and DENIED IN PART** consistent with this Report and Recommendation.

Dated: March 14, 2002.

SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by March 24, 2002, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.